UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYCE DRAPER,         ) | |
|    Plaintiff,         ) | |
|                      ) | |
| vs.                  ) | No. 20-1335 |
|                      ) | |
| UNITED STATES OF AMERICA,  ) | |
|    Defendant         ) | |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File an Amended Complaint [3] and Motion for a Temporary Restraining Order and Preliminary Injunction.[4]. For the following reasons, the Motion to Amend is GRANTED [3] and the motion for emergency injunctive relief is DENIED.[4].

I. BACKGROUND

On September 22, 2020, Plaintiff filed a document entitled Emergency Motion for Immediate Release or Compassionate Release. [1]. Plaintiff's filing did not include a complaint, nor a filing fee. [1]. Instead, Plaintiff's motion included a list of problems at the Federal Correctional Center in Pekin, Illinois (FCI Pekin) including the diet, the accommodations, the lack of exercise, a denial of medical care, etc. Plaintiff also mentioned his concerns over COVID-19 and the "First Steps Acts Amendment." (Mot., p. 4). Plaintiff did not request damages.

> Therefore, it appears Plaintiff intended to file a motion for compassionate
> release pursuant to 18 U.S.C. § 3582(c)(1). However, Plaintiff must file his

1

motion in the criminal case which imposed his current sentence. This Court cannot order Plaintiff's release pursuant to 18 U.S.C. § 3582(c)(1). The Court also notes Plaintiff does not have any criminal cases in the Central District. Therefore, his motion is denied. September 25, 2020 Text Order.

The Court advised Plaintiff if he instead intended to file a lawsuit pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (2017) addressing his living conditions, he must file an amended complaint clearly identifying his claims and defendants and explaining how each Defendant violated his constitutional rights.

Plaintiff was further admonished he must exhaust his administrative remedies before filing a lawsuit and he must not include unrelated claims against different defendants in one complaint. *See* September 25, 2020 Text Order, *citing George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2").

Finally, Plaintiff was advised he could not seek his release with a *Bivens* lawsuit. Instead, he could request damages or perhaps injunctive relief. Plaintiff was given 21 days to file an amended complaint and admonished if he took no action, his case would be dismissed. "If Plaintiff wishes to refile his Motion for Compassionate Release, he must file his motion in his previous criminal case in the appropriate court." September 25, 2020 Text Order.

Plaintiff has responded with a Motion for Leave to Proceed *In Forma Pauperis* (IFP), a Motion for Leave to File an Amended Complaint, and a Motion for a Temporary

Restraining Order (TRO) and Preliminary Injunction. (3, 4, 5). Plaintiff's IFP motion was granted. *See* October 26, 2020 Text Order.

## II. MERIT REVIEW

Plaintiff's Motion for Leave to File an Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15. [3]. The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's 80-page complaint including exhibits alleges 37 different Defendants at FCI Pekin violated his constitutional rights. However, Plaintiff has ignored the Court's previous instructions. While Plaintiff has provided a list of Defendants, he has not indicated how any individual except Dr. Lee Hou was involved in his allegations. *See Kuhn v. Milwaukee County*, 59 F. App'x 148, 150 (7th Cir. 2003)(merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)(district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

In order to hold an individual liable, Plaintiff must "show that the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if

3

the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Therefore, Plaintiff must explain how each named Defendants was specifically involved in his allegations.

In addition, the mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under 42 USC §1983. See *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008)(supervisor liability not permitted under § 1983); *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)( Supervisors are not liable for the errors of their subordinates).

Plaintiff has also failed to provide enough information to put the Defendants on notice of his claims. For instance, Plaintiff says he was denied dental care. Plaintiff must explain why he needed dental care, who specifically denied him dental care, the general time frame involved, and whether the denial had any impact on Plaintiff.

In addition, Plaintiff has again combined unrelated claims against different Defendants in one lawsuit. Plaintiff's claims concerning a denial of medical care are not related to his claims concerning his living conditions in a quarantine cell from August 18, 2020 to September 7, 2020. Plaintiff may pursue each claim, but he must file separate lawsuits and pay a separate filing fee. *See George,*507 F.3d at 607.

Plaintiff also includes claims which cannot be pursued in a *Bivens* lawsuit. Plaintiff complains about his sentence and claims FCI Pekin refuses to release him despite a judge's order. Plaintiff is reminded he may not seek his release in this lawsuit. In addition, the order Plaintiff has attached to his complaint does not order his release.

(Amd. Comp., Ex. 8). Instead, the United States District Court for the District of Kansas allowed Plaintiff additional time to file an amended motion for his immediate release due to the fact that Plaintiff had moved to a new facility. (Amd. Comp., Ex. 8).

Finally, Plaintiff is required to exhaust all available administrative remedies before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a). *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion requires a prisoner to file complaints and appeals in the place, at the time, and in the manner required by the prison's administrative rules. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Failure to properly exhaust all available remedies before filing suit is grounds for dismissal of the lawsuit. *See Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008("Until the issue of exhaustion is resolved, the Court cannot know whether it is to decide the case or the prison authorities are to."). !

!    Failure to exhaust is also an affirmative defense. Therefore, the Court typically must wait for a Defendant to raise the issue. However, the Court may invoke an affirmative defense on behalf of an un-served defendant if it is clear from the face of the complaint that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable. *Walker*, 288 F.3d at 1010.

Plaintiff's complaint alleges Dr. Hou denied him physical therapy at an outside facility for an unspecified injury from March of 2019 until his release on June 28, 2019. The remainder of Plaintiff's claims involve incidents after he was reincarcerated on August 18, 2020 at FCI Pekin.   Plaintiff filed his complaint one month later on September 22, 2020. [1].

While Plaintiff says he has exhausted his administrative remedies, Plaintiff could not have completed the grievance process for his claims concerning events which occurred on August 18, 2020 or after. (Amd. Comp., p. 17). Therefore, Plaintiff's claim is limited to his allegation alleging Defendant Dr. Hou was deliberately indifferent to his serious medical condition.

If Plaintiff wishes to pursue this claim, he must file an amended complaint in 21 days providing additional information. For instance, Plaintiff does not identify the injury which required physical therapy. If Plaintiff does not know his diagnosis, he must at least provide a description of his injury. Furthermore, Plaintiff is not entitled to receive physical therapy at an outside facility as long as he was receiving some form of prescribed physical therapy at his facility. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997)("A prisoner is not entitled to "demand specific care" or "the best care possible.").

Plaintiff's amended complaint must also stand complete on its own and must not refer to any previous complaint. Plaintiff should not include caselaw but should instead provide a short factual basis for his intended claim against Dr. Hou.

### III. MOTION FOR EMERGENCY INJUNTIVE RELIEF

A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. Fed. R. Civ. P. 65(b)(2). A court may only grant the motion if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). This relief is warranted "to prevent a substantial risk of injury from ripening into actual harm." *Farmer v. Brennan*,

511 U.S. 825, 845 (1994). A TRO is an "emergency remedy" designed to "maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Crue v. Aiken,* 137 F.Supp.2d 1076, 1082 (C.D.Ill. April 6, 2001).

On the other hand, a preliminary injunction can be issued only after the adverse party is given notice and an opportunity to oppose the motion. *See* Fed. R. Civ. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Plaintiff says he is entitled to emergency injunctive relief due to the lack of social distancing at FCI Pekin and the refusal to release him pursuant to a court order. Since Plaintiff's claims are limited to his previous incarceration, Plaintiff has no claims before the Court concerning social distancing. Even if Plaintiff had a surviving claim concerning his current housing, he has failed to meet his burden for either a TRO or preliminary injunction.

In addition, Plaintiff is again advised the court order attached to his complaint does not order his immediate release. Plaintiff is admonished any continued requests

for his immediate release must be filed in his previous, criminal case in the United States District Court for the District of Kansas.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for a Temporary Restraining Order or Preliminary Injunction is denied. [4].

2) Plaintiff's Motion for Leave to File an Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15. [3].

3) Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted and as a violation of Rule 8 of the Federal Rules of Civil Procedure.

4) If Plaintiff believes he can state a claim against Defendant Dr. Hou based on deliberate indifference to a serious medical condition, he may file a motion for leave to amend within 21 days of this order. If Plaintiff fails to file his motion for leave to amend on or before November 18, 2020 or fails to follow this Court's instructions, his case will be dismissed.

5) Plaintiff's motion to proceed *in forma pauperis* has been granted. *See* October 26, 2020 Text Order. Plaintiff is reminded he must pay the initial partial filing fee of $2.10 on or before November 25, 2020, or his case could be dismissed.

6) The Clerk of the Court is directed to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

ENTERED this 28th day of October, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE