UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BRYCE DRAPER, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 20-1335 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|    Defendant | ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's second Motion for Leave to File an Amended Complaint. [10].

I. BACKGROUND

Plaintiff originally filed an Emergency Motion for Immediate Release or Compassionate Release on September 22, 2020. [1]. Plaintiff did not file a complaint, nor did he pay a filing fee or file a motion to proceed *in forma pauperis* (IFP).

Plaintiff's motion included a list of problems at the Federal Correctional Center in Pekin, Illinois (FCI Pekin) including issues with the diet, accommodations, lack of exercise, medical care, etc. Plaintiff also mentioned his concerns over COVID-19 and the "First Steps Acts Amendment." (Mot., p. 4). Plaintiff did not request damages.

The Court noted it appeared Plaintiff intended to file a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), but Plaintiff was required to file his motion in the criminal case which imposed his sentence. The Court also noted Plaintiff had no

1

previous criminal case in the Central District of Illinois. Therefore, his motion was denied. *See* September 25, 2020 Text Order.

Plaintiff was advised if he instead intended to file a lawsuit pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (2017) addressing his living conditions, he must file an amended complaint clearly identifying his claims and defendants and explaining how each defendant violated his constitutional rights.

Plaintiff responded with a Motion for Leave to Proceed IFP, a Motion for Leave to File an Amended Complaint, and a Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction. (3, 4, 5). Plaintiff's IFP motion was granted. *See* October 26, 2020 Text Order.

The Court found the 80-page complaint including exhibits ignored the Court's previous instructions. *See* October 28, 2020 Merit Review Order. Plaintiff failed to explain how most of the Defendants were involved in his allegations, failed to provide enough information to put the Defendants on notice of his claims, and combined unrelated claims against different Defendants.

Plaintiff also continued to ask for relief he could not pursue in a *Bivens* lawsuit. This time Plaintiff complained about his sentence and claimed FCI Pekin was refusing to release him despite a judge's order. However, the order Plaintiff attached to his complaint did not order his release. "Instead, the United States District Court for the District of Kansas allowed Plaintiff additional time to file an amended motion for his immediate release due to the fact that Plaintiff had moved to a new facility." (Amd.

Comp., Ex. 8). Therefore, Plaintiff had already filed a motion requesting his release which was pending before the appropriate court.

Finally, the Court noted it did not appear Plaintiff had exhausted his administrative remedies for most of his claims. Plaintiff alleged Dr. Hou denied Plaintiff physical therapy from March of 2019 until his release on June 28, 2019. The remainder of Plaintiff's claims involved incidents after he was reincarcerated on August 18, 2020. Since Plaintiff filed his first complaint one month later on September 22, 2020, Plaintiff "could not have completed the grievance process for his claims concerning events which occurred on August 18, 2020 or after. Therefore, Plaintiff's claim is limited to his allegation alleging Defendant Dr. Hou was deliberately indifferent to his serious medical condition." October 28, 2020 Merit Review Order, p. 6.

Plaintiff was advised if he wished to pursue his claim against Dr. Hou he should file an amended complaint. The Court explained the specific deficiencies in his current pleading and what additional information was needed to clarify his claim against the doctor. *See* October 28, 2020 Merit Review Order.[1] For instance, Plaintiff was directed to identify the specific injury he suffered. "If Plaintiff does not know his diagnosis, he must at least provide a description of his injury." October 28, 2020 Merit Review Order, p. 6.

---

[1] Plaintiff's motion for emergency injunctive relief was also denied.

Plaintiff has now filed his second motion for leave to file an amended complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [10].

## II. MERIT REVIEW

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff's second amended complaint identifies one Defendant: Dr. Lee Ho. Plaintiff says he was injured in the facility gym in February of 2019 which resulted in Plaintiff's hospitalization.  Defendant Dr. Ho was given "specific instructions on how to prevent further life long lasting pain, symptoms, or further injury." (Sec.Amd.Comp, p. 5).  Nonetheless, Defendant Dr. Ho refused to abide by the instructions stating there was no funding for the required follow-up visits.

Plaintiff has again ignored the Court's specific instructions.  Plaintiff has failed to identify what injury he suffered and what additional medical care was needed.[2] Plaintiff has also failed to explain when and how he asked Dr. Ho for additional medical care or how the doctor knew he needed any further treatment.

---

[2] The Court again reviewed the first two complaints as well as the attached exhibits, but Plaintiff makes no mention of the specific injury. [1, 3,]

4

Plaintiff then adds a claim the Court is unable to decipher. "At this exact same time Judge, I believe is when Doctor Lee Ho was first made aware that I was asymptomatic to a known pathogen of a viral infections, and contagious disease also commonly referred to as COVID in February of 2019." (Sec. Amd. Comp., p. 5). It is not clear to the Court what Plaintiff is alleging, or how Dr. Ho was responsible for violating his constitutional rights.

Plaintiff next states during his previous incarceration in 2015, he was informed he needed a root canal. Nonetheless, Dr. Ho has refused to order the procedure due to costs. Plaintiff says he fears for his safety due to the infection. However, Plaintiff has again failed to provide the relevant time frames. When did Plaintiff speak with Dr. Ho? When and who told Plaintiff he needed a root canal? Besides his fears for his safety, did Plaintiff suffer any impact to his condition based on the delay?

The relevant time period is particularly important in this case. Plaintiff's second amended complaint maintains his allegations took place between February 22, 2019 and September 11, 2020. (Sec. Amd. Comp., p. 5). However, Plaintiff has previously stated he was released on June 28, 2019 and reincarcerated on August 18, 2020. *See* Merit Review Order, p. 5. The Court has admonished Plaintiff that based on the face of his complaint, he could not have exhausted his administrative remedies for any claims from August 18, 2020 and after because he filed his original complaint on September 22, 2020. *See* Merit Review Order, p. 5-6.

For the stated reasons, Plaintiff has again failed to articulate a violation of his constitutional rights. In addition, while Plaintiff has not requested his release from

incarceration, he continues to request relief which cannot be granted. Plaintiff asks for damages, apparently to be paid in gold bars, criminal prosecution, suspension of Dr. Ho's medical license, an investigation into the doctor, and a restraining order against the doctor. (Sec. Amd. Comp., p. 8).

Plaintiff is advised while he can seek monetary damages and some injunctive relief such as medical care, he cannot seek criminal prosecution or suspension of a medical license in an action pursuant to 42 U.S.C. §1983. Plaintiff has also failed to articulate any basis for a restraining order.

Since it is possible Plaintiff might be able to articulate an Eighth Amendment claim based on deliberate indifference to a serious medical condition, the Court will allow Plaintiff one FINAL opportunity to clarify this claim.

"[D]istrict courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the *pro se* litigant would be able to state a meritorious claim." *Donald v Cook County Sheriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). However, the Plaintiff is cautioned "these general principles have some limits." *Stanard v. Nygren*, 658 F.3d 792, 801 (7th Cir. 2011). Leave to replead will not be allowed after "repeated failure to cure deficiencies by amendments previously allowed."*Foman v Davis*, 371 U.S. 178, 182 (1962); *see also Stanard,* 658 F.3d at 801 (7th Cir. 2011)(dismissed after plaintiff "had three opportunities to file a complaint that complied with the rules, yet he failed to follow basic instructions from the court."); *Lyon v. Brown*, 1998 WL 246685 at 2 (7th Cir.

May 12, 1998)(dismissed after court allowed plaintiff third opportunity to cure specific deficiencies and warned final opportunity to correct deficiencies).

Therefore, Plaintiff is cautioned he MUST follow the directions provided in this order. *See Wilson v. Bruce*, 400 Fed. Appx 106, 109 (7th Cir. 2010)("whatever benefits (the plaintiff) may seek as a *pro se* litigant, they do not include license to disregard the court's orders."). If Plaintiff chooses to file a third amended complaint, the complaint must stand complete on its own and must not refer to any previous filing. If Plaintiff intends to allege Dr. Ho was deliberately indifferent to a serious medical condition, his claim MUST provide answers to the following questions:

1) What was Plaintiff's specific medical condition or injury?

2) When did it occur?

3) What specific medical treatment did Plaintiff require?

4) How did Dr. Ho know Plaintiff needed additional care? (If Plaintiff spoke with the doctor or submitted medical requests, he should include this information and provide the general time frame of those conversations or requests).

5) Did the failure to provide medical care have any impact on Plaintiff's condition? If so, did Plaintiff tell Dr. Ho about any additional problems? When and how did he inform the doctor?

Plaintiff must include this information for each claim alleged. For instance, Plaintiff should first answer all of the questions for any claim concerning the injury he suffered in the gym, then he should answer the same questions for any claim regarding his need for a root canal.

Plaintiff must not ask for his release from custody. As previous explained, Plaintiff can not obtain his release in an action pursuant to §1983 and Plaintiff has already filed a motion for his release in the appropriate forum, the United States District Court for the District of Kansas. (Amd. Comp., Ex. 8). Plaintiff may request monetary damages and relevant injunctive relief.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file a second amended complaint is granted pursuant to Federal Rule of Civil Procedure 10. [10].

2) Plaintiff's second amended complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A and failure to follow Court orders.

3) The Court will allow Plaintiff one FINAL opportunity to file an amended complaint clarifying his claim alleging Dr. Ho was deliberately indifferent to his serious medical condition or conditions. Plaintiff must file his proposed, third amended complaint within 21 days or on or before January 4, 2021. Plaintiff must follow the specific directions provided by the Court and answer the specific questions provided for each claim. If Plaintiff fails to file his third amended complaint on or before January 4, 2021 or again ignores the Court's order, his case will be dismissed.

4) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline within 30 days of this order.

ENTERED this 9th day of December, 2020.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
